Filed 5/5/26  P. v. Dimas CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086274 |
| Plaintiff and Respondent, | (Super. Ct. No. FBA1200622) |
| v. | |
| ANA DIMAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Alexander R. Martinez, Judge.  Reversed with directions.

Howard C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Christine Y. Friedman and Joshua Trinh, Deputy Attorneys General, for Plaintiff and Respondent.

Jason Anderson, San Bernardino County District Attorney, Brent J. Schultze, Deputy District Attorney, as Amicus Curiae on behalf of neither party.[1]

Ana Dimas appeals an order partially denying her request for resentencing under Penal Code[2] section 1172.75. We reverse the order because Dimas was entitled to have the court consider her eligibility for ameliorative relief under changes to section 186.22 made by Assembly Bill No. 333 (2021–2022 Reg. Sess.).

FACTUAL AND PROCEDURAL BACKGROUND

On May 20, 2014, a jury found Dimas guilty of one count of carjacking (§ 215, subd. (a)), two counts of kidnapping during a carjacking (§ 209.5, subd. (a)), and one count of active participation in a criminal street gang (§ 186.22, subd. (a)). The jury found true gang enhancements (§ 186.22, subd. (b)(1)(C)) and firearm enhancements (§ 12022.53, subd. (b)). Dimas also admitted to a prior prison term (§ 667.5, subd. (b)). The court sentenced her to a total term of 65 years to life, which included two sentences of 25 years to life for gang enhancements. On direct appeal, we reversed the conviction for carjacking.

In 2023, the California Department of Corrections and Rehabilitation (CDCR) identified Dimas as an individual who had been sentenced to a now invalid one-year prior prison term enhancement. On January 10, 2025,

_____

[1] While this appeal was pending, this court granted an application of the District Attorney of the County of San Bernardino to file an amicus curiae brief with respect to this claim. Dimas filed a response to the District Attorney's amicus brief. We have considered all of the briefing. As we explain, we accept the concession.

[2] All further undesignated statutory references are to the Penal Code.

Dimas filed a motion for resentencing and motion to vacate the prison prior under section 1172.75. At the resentencing hearing, the court struck Dimas's one-year prior prison term enhancement and resentenced her to a total term of 64 years to life. The sentencing court rejected Dimas's argument that resentencing under section 1172.75 rendered her case "not final" such that she could benefit from Assembly Bill No. 333—which changed elements of gang enhancements—retroactively under *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*). Dimas appealed.

## DISCUSSION

Dimas contends, and the People concede, the court erred in failing to apply Assembly Bill No. 333 at her resentencing hearing, and thus, the matter must be reversed and remanded for a full resentencing. We agree.

A. *Resentencing under section 1172.75 renders Dimas's judgment nonfinal*

Dimas's judgment became "nonfinal" when she returned to the trial court under section 1172.75 for recall and resentencing. Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) The CDCR must notify the trial court of any person serving a prison term that includes a section 667.5 enhancement. (§ 1172.75, subd. (b).) Once the trial court verifies the current judgment includes the enhancement, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) When resentencing the defendant, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2); *People v. Saldana* (2023)

3

97 Cal.App.5th 1270, 1276 [section 1172.75 requires a full resentencing, not merely that the trial court strike the newly invalid enhancements].) By the plain language of the statute, Dimas was entitled to be considered for any legislative enactments that might provide for a reduction of sentence.

B. *Assembly Bill No. 333 applies retroactively to nonfinal judgments*

Case law also entitles Dimas to a full resentencing with consideration given to her eligibility for ameliorative legislative benefits. In the criminal law context, when ameliorative legislation goes into effect, we generally presume the Legislature intends the benefits of the new enactment to apply as broadly as constitutionally permissible to all nonfinal cases. (*Estrada, supra*, 63 Cal.2d at p. 745.) For purposes of *Estrada*, the test for finality is "whether the criminal prosecution or proceeding as a whole is complete." (*People v. Esquivel* (2021) 11 Cal.5th 671, 679.) The meaning of finality in the *Estrada* context is distinct from the issue of whether a judgment is final for purposes of appealability. (*Ibid*.)

In *People v. Lopez* (2025) 17 Cal.5th 388 (*Lopez*), the California Supreme Court held that a criminal case in which the sentence is not yet final, including one in which an appellate court has affirmed the conviction and remanded for reconsideration of sentencing related issues, is nonfinal for purpose of *Estrada* and the retroactive application of the benefit of supervening ameliorative legislation. (*Lopez,* at pp. 392–393.) Similarly, in the context of recall and resentencing, appellate courts have determined that a granting of a petition for resentencing renders a conviction nonfinal for purposes of retroactive application of ameliorative legislation. (See *People v. Trent* (2025) 112 Cal.App.5th 251 [defendant entitled to retroactive application of Assembly Bill No. 333 upon resentencing under section 1172.6 based on changes to felony murder rule]; *People v. Keel* (2022) 84 Cal.App.5th

4

546, 551 [defendant entitled to retroactive application for Proposition 57 and Senate Bill No. 1391 (2017–2018 Reg. Sess.) upon resentencing pursuant to section 1172.6].)

In 2021, the Legislature passed Assembly Bill No. 333, enacting the STEP Forward Act of 2021. (Stats. 2021, ch. 699, § 1.) Assembly Bill No. 333 made several changes to the law on gang enhancements. First, it substantively narrowed the definition of a "criminal street gang." (§ 186.22, subd. (f).) Second, it also changed former subdivision (f)'s requirement that a gang's members "individually or collectively engage in" a pattern of criminal activity in order to constitute a "criminal street gang" to now require that any such pattern be "collectively engage[d] in" by members of the gang (§ 186.22, subd. (f).) Third, it also "narrowed the definition of a 'pattern of criminal activity' by requiring that (l) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members,' as oppose to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense. (§ 186.22, subd. (e)(1), (2).) Fourth, [it] narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.' (§ 186.22, subd. (g).)" (*People v. Tran* (2022) 13 Cal.5th 1169, 1206.)

Assembly Bill No. 333 took effect on January 1, 2022, and it is considered ameliorative legislation. (*Lopez, supra,* 17 Cal.5th at p. 397.) Here, both parties agree, as do we, that Dimas was entitled to the benefit of Assembly Bill No. 333 because her judgment was not final when the court engaged in resentencing pursuant to section 1172.75.

## DISPOSITION

The order is reversed and the matter is remanded with directions to the trial court to conduct a full resentencing and to determine whether the gang sentencing enhancements meet the requirements of Assembly Bill No. 333.


McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


CASTILLO, J.